UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SUE LEE,<br><br>Plaintiff/Counter-Defendant,<br><br>v.<br><br>WILLIAM D. DUHNKE, III, *et al.,*<br><br>Defendants/Counter-Plaintiff | Civil Action No. 1:21-cv-1006-CKK |

### JOINT MEET AND CONFER REPORT

COMES NOW Plaintiff Sue Lee ("Ms. Lee") and Defendants William D. Duhnke, III ("Mr. Duhnke") and Public Company Accounting Oversight Board ("PCAOB"), by their respective counsel, and pursuant to Rule 16.3(d) of the Rules of the United States District Court for the District of Columbia and Rule 26(f) of the Federal Rules of Civil Procedure, hereby submit this Joint Meet and Confer Report and Joint Discovery Plan, attached hereto at Exhibit 1.

### THE PARTIES' SUMMARY OF THE CASE

Plaintiff's Amended Complaint asserts claims of retaliation and discrimination based on ethnicity, national origin, and political affiliation in violation the District of Columbia Human Rights Act (D.C. Code §§ 2-1402.11 and 2-1402.61(a)) against both Defendants, as well as claims for retaliation and discrimination based upon race and national origin under Title VII of the 1964 Civil Rights Act as to Defendant PCAOB.

***Plaintiff's View of the Case***:  Plaintiff's discrimination claims arise from her termination as PCAOB's Chief Administration Officer in October of 2020, which was motivated by her Asian ethnicity and Chinese national origin, as well as her known political affiliation with the

Democratic Party. Plaintiff's retaliation claims stem from Defendant PCAOB's filing of a Counterclaim against Plaintiff, as well as the organization's preceding threats to do so should Ms. Lee file a legal action, which she contends was motivated by the assertion of her rights under the above-mentioned statutes.

***Defendants' View of the Case:*** Defendants reject Plaintiff's allegations and her claims. PCAOB terminated Plaintiff's employment because she engaged in misconduct and for no other reason. Just prior to Plaintiff's discharge, Defendants received complaints that Plaintiff had engaged in improper conduct in connection with an important internal project. Defendants also learned that Plaintiff had apparently engaged in unapproved, excessive, and/or personal travel at PCAOB's expense. When PCAOB learned this information, it commenced an internal investigation. Upon learning that the internal investigation confirmed that Plaintiff had engaged in misconduct, PCAOB terminated her employment. PCAOB's decision to file a counterclaim was not motivated by Plaintiff's alleged protected activity.

**MATTERS DISCUSSED PURSUANT TO LOCAL RULE 16.3(c) AND RULE 26(f) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

The Parties' respective counsel met and conferred on July 30, 2021 to discuss the following matters set forth in Local Rule Civil 16.3(c):

1. **Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery of other matters should await a decision on the motion.**

The Parties believe that some central legal and factual issues may be resolved through summary judgment following the completion of discovery in this action. Based on its investigation to date, Defendants presently intend to file a motion for summary judgment as to all claims asserted

in the Amended Complaint when discovery concludes. No dispositive motions are presently pending before this Court.

2. **The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

The Parties agree that other parties shall be joined and/or amendments to the pleadings already filed in this action shall be submitted within 60 days of this Court's entry of a Scheduling Order in this matter. The Parties believe that, following the completion of certain discovery in this matter, it is likely that some of the factual and legal issues at stake could be agreed upon or narrowed.

3. **Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

The Parties do not consent to the assignment of this action to a Magistrate Judge.

4. **Whether there is a realistic possibility of settling the case.**

The Parties believe there is a realistic possibility of settling this action. Defendants believe that prospects for settlement are better before fact discovery has occurred, inasmuch as one primary reason to settle the case is to avoid the expense associated with litigation.

5. **Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with clients.**

The Parties believe that resolution of this action may be expedited through this Court's ADR procedures. Plaintiff believes this process should be initiated following the completion of certain initial discovery. Defendants believe the Court's ADR procedures stand a better chance of success if initiated before the parties have incurred significant expenses associated with fact discovery. Counsel have consulted with their respective clients regarding this response and will promptly notify this Court when a referral to ADR is desired.

6. **Whether the case can be resolved by summary judgment motion or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

The Parties agree that certain factual and legal issues in this action are likely to be resolved at summary judgment. Based on its investigation to date, Defendants presently intend to file a motion for summary judgment as to all claims asserted in the Amended Complaint when discovery concludes. The Parties request that this Court set a deadline for the filing of dispositive motions at least 45 days after the completion of discovery.

7. **Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

The Parties do not agree to dispense with the initial disclosures required by Rule 26(a)(1) and do not wish to make changes as to the scope or form of such disclosures. The Parties agree that initial disclosures shall be submitted within 45 days of this Court's entry of a Scheduling Order.

8. **The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests of admissions, and depositions.**

The parties anticipate that discovery will include the exchange of written discovery requests and depositions of numerous fact witnesses. The parties agree that the limits imposed by the Federal Rules of Civil Procedure and the Local Rules shall apply as to written discovery, but that a party may request leave of Court to exceed these limits. The Plaintiff believes each party should be permitted to notice twenty depositions each without the need to seek leave of Court due to the large number of anticipated fact witnesses in this action. The Defendants believe that the parties should adhere to the limits set forth in the Federal Rules of Civil Procedure as to the number of depositions, provided that either party may seek leave of Court to notice additional depositions.

The Parties believe that a protective order under which sensitive information may be disclosed in discovery will likely be necessary and will confer regarding a joint motion for the entry of such.

The Parties agree that discovery in this action shall be completed by May 31, 2022.

9. **Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

Under Rule 26(f)(3), the Parties have submitted a proposed discovery plan as Exhibit 1 and agree this discovery plan adequately addresses all discovery issues presently anticipated by the parties.

10. **Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rules of Evidence 502.**

The Parties do not foresee any issues about claims of privilege or protection of trial preparation materials other than the terms set forth in their proposed discovery plan attached as Exhibit 1.

11. **Whether the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2) should be modified, and whether and when depositions of experts should occur.**

The Parties agree that any expert disclosures required under Rule 26(a)(2) of the FRCP shall be exchanged by February 4, 2022, and that any rebuttal expert disclosures required shall be exchanged by March 4, 2022. The Parties shall complete expert depositions in this action within the designated discovery period.

12. **In class actions, appropriate procedures for dealing with Rule 23, Fed. R. Civ. P. proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

Not applicable.

13. **Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

The Parties do not believe that trial or discovery should be bifurcated or managed in phases.

14. **The date for the pretrial conference (understanding that a trial will take place 30 or 60 days thereafter).**

The Parties request that the pretrial conference in this action be set to occur a date following the adjudication of any motions for summary judgment filed after the completion of discovery.

15. **Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

The Parties request that the Court set a firm trial date at the pretrial conference from 30 to 60 days after that conference.

16. **Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

The Parties do not presently believe there are any additional matters that should be included in the Scheduling Order.

**THE PARTIES WAIVE ORAL HEARING ON THE
INITIAL SCHEDULING CONFERENCE.**

Dated: August 20, 2021	Respectfully submitted,

      /s/ David M. E. Moon  
David M.E. Moon Esq., Bar No. 1047947  
LIPP LAW FIRM, PC  
4000 Legato Road, Suite 1100  
Fairfax, Virginia 22033  
Telephone: (703) 896-7704  
david@lipplawfirm.com  
*Counsel for Plaintiff/Counter-Defendant Sue Lee*


      /s/ Michael Lorenger  
Michael Lorenger, Esq. Bar No.454146  
LORENGER & CARNELL PLC  
651 South Washington Street  
Alexandria, VA 22314  
Telephone: 703-684-1800  
mlorenger@lorengercarnell.com  
*Counsel for Defendants/Counter-Plaintiff*  
*Public Company Accounting Oversight Board and*  
*William D. Duhnke, III*