## **EXHIBIT 1**

## **JOINT DISCOVERY PLAN**

Plaintiff Sue Lee and Defendants William D. Duhnke, III and the Public Company Accounting Oversight Board, by their respective counsel, and pursuant Rule 26(f) of the Federal Rules of Civil Procedure hereby submit the following Joint Discovery Plan to govern this action.

**I.     DISCOVERY**

A. The Parties agree that all discovery shall be completed by **May 31, 2022**.

B. The Parties agree that the discovery period shall open immediately upon this Court's entry of a Scheduling Order.

C. The Parties agree that all interrogatories, document requests and/or admissions must be served no fewer than thirty (30) days before the close of discovery to warrant a response.

D. The Parties agree that each will provide or make available all materials from third parties obtained pursuant to Fed. R. Civ. P. 45 to the other party within five (5) business days of receipt.

E. The Parties agree that discovery of confidential, proprietary, trade secret and/or commercially sensitive information is likely to occur, and that production of documents, things, or testimony containing or reflecting such information shall occur under a protective order. The Parties' respective counsel intend to discuss entry of a stipulated protective order consistent with the requirements of the Local Rules and in accordance with Federal Rule of Evidence 502(d).

F. The Parties intend to seek discovery with respect to all material allegations contained in the Amended Complaint filed by Plaintiff, as well as in the Answer and the Counterclaim, and any amendments thereto, filed by Defendants.

G. Discovery will be conducted in accordance with the Federal Rules of Civil

Procedure, and counsel will work in good faith to narrow and focus the scope of discovery to minimize the burden of discovery on the Parties and any third parties.

      H.      At this time, the Parties agree that the limitations imposed upon written discovery by the Federal Rules of Civil Procedure and the Local Rules apply to this case.  The Plaintiff requests that each party should be permitted to notice twenty (20) depositions without the need to seek leave of Court given a large number of anticipated fact witnesses with information relevant to the parties' respective claims.  The Defendants believe that the limits imposed in in the Federal Rules of Civil Procedure and the Local Rules should apply to depositions taken in this case.

      I.      The Parties agree that all *Daubert* motions, motions to exclude experts or expert testimony, and all motions in limine shall be filed in time to be heard at least two (2) weeks before the trial date. In advance of a hearing date on such motions, the parties involved shall prepare and submit a proposed briefing schedule.

      **II.**      **ELECTRONICALLY STORED INFORMATION**

      A.      The Parties acknowledge that they are required to preserve relevant electronically stored information.  If any disagreement arises regarding electronically stored information, the Parties agree to confer in good faith and, if unable to reach an agreement, the applicable party shall file a motion in accordance with the Federal Rules of Civil Procedure and this Court's Local Rules.

      B.      When practicable, all documents originating in electronic form shall be produced in native format and shall be collected and produced in a manner so that all original metadata is preserved.  Document-level searchable text and, when practicable, meta-data (for those documents originally created and maintained in electronic form) will be produced, accompanied by Bates-numbered, single-page .TIFF images for each page of the document and a load file to link the images to the database. Documents will be produced in electronic format on hard drive, CD, DVD,

or electronic file transfer.

      C.      Information received from third parties shall be produced in the format in which it was received from the third party.

### III. PRIVILEGE LOGS

      A.      The Parties agree that communications between any party and its counsel related to this action, documents and things created by or for a party's counsel in anticipation of this action, and documents and things created after the date of the filing of the Complaint (excluding documents presented to expert witnesses pursuant to Fed. R. Civ. P. 26) need not be identified on any such privilege log. The party responding to discovery shall provide a privilege log which includes the Bates number (if any) of the privileged document and: (1) the date of its creation; (2) its author(s); (3) its recipient(s); and (4) a brief general description of the document along with the basis for the privilege assertion.

      B.      The Parties agree that disclosure of material subject to the attorney-client privilege, work product immunity, or any other applicable privilege shall not constitute a waiver of, nor a prejudice to, any claim that such material is privileged, or protected by the work product immunity or any other applicable privilege. Upon discovery of any such produced or disclosed material, (whether produced inadvertently or otherwise) the producing party shall promptly provide written notice to the receiving party. Such inadvertently, or otherwise, produced or disclosed material, including all copies thereof, shall be either returned to the producing party or destroyed immediately upon request, and the receiving party shall immediately destroy any notes or other writings or recordings that summarize, reflect, or discuss the content of such privileged material. Any receiving party destroying any information contemplated by this paragraph shall provide express written confirmation to the producing party upon such destruction.

C. Unless otherwise obtained through legitimate means, no use shall be made of inadvertently, or otherwise, produced or disclosed material during deposition or at trial, nor shall such material be shown to anyone who has not already been given access to it subsequent to the request that it be returned. The receiving party may move the Court for an Order compelling production of any inadvertently, or otherwise, produced or disclosed material, but shall not assert the inadvertent, or other, production or disclosure as grounds for the motion. The party claiming privilege on documents subject to a motion to compel shall provide copies of the documents to the Court for in camera inspection concurrent with the responsive filing to the motion to compel. The foregoing provisions regarding disclosure are intended to supplement the protections provided in Federal Rule of Evidence 502 and Fed. R. Civ. P. 26(b)(5)(B).

**IV.  SERVICE OF PLEADINGS, MOTIONS, OTHER PAPERS, AND DISCOVERY REQUESTS AND RESPONSES.**

The Parties agree that all pleadings, motions, and other papers filed are to be served on the other party electronically as provided by the Federal Rules and Local Rules. In addition, the Parties agree to serve by e-mail, or electronic format on an editable CD or thumb drive, all discovery requests, written responses thereto, and other papers that are not filed. When serving by e-mail, the serving party shall attach the pleading or paper in "Portable Document Format" (.pdf) or other forms of electronic file; if transmission of voluminous materials (such as a compendium of attachments or transcripts) as an e-mail attachment is impractical, then those materials shall be served by overnight delivery via a service with the ability to "track" deliveries and verify receipt, or via a Workshare or other comparable web hosting service agreeable to the Parties. Service of discovery requests, objections, and responses by e-mail prior to 11:59 p.m. Eastern Time shall be the equivalent of service by hand that day for purposes of Rules 5 and 6 of the Federal Rules of

Civil Procedure. If service by overnight courier has been used for these papers, it will be the equivalent of service by hand on the date of receipt.

V.  **MODIFICATION**

The Parties agree that a party's agreement to the deadlines and limitations stated in this plan is without prejudice to its right to seek modifications of the plan and pretrial schedule pursuant to Rules 16 and 26.