UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SUE LEE,

Plaintiff/Counter-Defendant,

v.

PUBLIC COMPANY ACCOUNTING OVERSIGHT BOARD,

Defendant/Counter-Plaintiff,

and

WILLIAM D. DUHNKE,

Defendant.

Civil Action No. No. 1:21-cv-1006

**STIPULATED PROTECTIVE ORDER**

Plaintiff, Sue Lee, and Defendants, the Public Company Accounting Oversight Board ("PCAOB") and William D. Duhnke III, by and through their respective undersigned counsel, have requested entry of a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to protect confidential information from disclosure to the public. The Court has determined that it is appropriate to enter such an order for that purpose. Therefore, it is on this 21st day of June, 2022, hereby ORDERED as follows:

## I. DEFINITIONS

1. "Classified Information," as used herein, shall mean information that is designated as "Confidential."

2. "Confidential" documents are documents designated pursuant to paragraph 11.

3. *[Reserved]*

4. "Document" shall mean written, printed, typed, and visually or aurally reproduced material of any kind, whether or not privileged, including, but not limited to, letters, notes, memoranda, e-mail, text messages, invoices, purchase orders, records, minutes, bills, contracts, agreements, orders, receipts, drawings and sketches, photographs, tapes and disks capable of being mechanically read, advertising and promotional literature, operating manuals and instructions, bulletins, cables and telegrams, tapes and other recordings, test data, electronically stored media, and all other media encompassed by Federal Rule of Civil Procedure 34(a).

5. "Designating party", as used herein, shall mean the party designating information as "Confidential."

6. "Producing party", as used herein, shall mean any party producing Classified Information.

7. "Qualified Persons", as used herein and subject to the specific restrictions outlined in Sections IV, *infra,* shall include:

(a) Counsel of record and their necessary staff;

(b) judges and their staff;

(c) court reporters, deposition stenographers (including video technicians), and their necessary clerical assistants;

(d) copy services and graphic consultants used to duplicate documents and create demonstrative exhibits;

(e) expert witnesses, investigators, or consultants engaged by the parties in connection with this action who are not currently, or reasonably anticipated

to be, an employee of a party, and who satisfy the terms and conditions of paragraph 20, below;

(f) persons and their necessary staff engaged by the parties for the purpose of alternative dispute resolution;

(g) the parties, including the Board members, officers and employees of the parties whose review of Classified Information is reasonably necessary to the Receiving party's prosecution of this litigation; and

(h) other persons by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered, provided that such person first satisfies the terms and conditions of paragraph 20, below.

8. "Receiving party", as used herein, shall mean any party receiving Classified Information.

## II. APPLICABILITY

9. The provisions of this Protective Order are applicable to information of any type, kind or character, written, aural or otherwise, including, but not limited to, information disclosed in connection with all forms of discovery under the Federal Rules of Civil Procedure, such as depositions, interrogatories, requests for the production of documents and things, and requests for admission; testimony adduced at trial; matters in evidence; and any other information properly designated as "Confidential."

## III. DESIGNATION OF CLASSIFIED INFORMATION

### A. Generally

10. *[Reserved]*

11. "Confidential" shall be a designation reserved for information only when the Designating Party has a good faith belief that the information contains sensitive personal information; sensitive internal PCAOB information and/or information related to PCAOB employees or former employees; confidential research, development, or commercial information; or other sensitive information that is not generally known to the public. Information shall not be designated as "Confidential" unless the designating party has a good faith belief that such information meets these requirements.

12. Documents intended to be protected under this Protective Order shall be clearly marked "Confidential" on each page of the document. If the nature of the information intended to be protected under this Protective Order makes it undesirable, difficult or impossible to physically mark the information as "Confidential", the designating party may invoke the protections of this Protective Order by including a writing with such information indicating the designation and specifically identifying what portions of the produced information are designated.

13. Any document or thing generated by a receiving party that contains Classified Information (including, but not limited to, photocopies, memoranda, exhibits, summaries and abstracts) shall bear on its face the same designation that appears on the Classified Information.

14. If a document includes "Confidential" information in addition to other information, and the "Confidential" information is redacted, the remainder of the document may be treated as if it did not contain the redacted information.

**B. <u>Depositions</u>**

15. Information disclosed at a deposition automatically shall be treated as "Confidential" during the deposition, and for a period until thirty (30) days after the mailing date of the deposition transcript. The deposition transcript shall lose its Classified Information status

after the 30-day period except for information designated by any party as "Confidential" either on the record at the deposition, or within the 30-day period by written notification to all parties of the specific page and line numbers of the transcript.

16. Counsel may exclude from the room during a deposition, hearing or other proceeding at which Classified Information likely will be disclosed, any person (other than the witness who is then testifying) who is not entitled under this Protective Order to receive or review Classified Information.

C. **Documents Made Available For Inspection**

17. Documents made available for inspection automatically shall be treated as "Confidential" during inspection. All information obtained as a result of inspection, whether recorded by the inspecting party mentally, in tangible form (i.e., written notes, photocopies, aural recordings, photographs), or otherwise, shall be treated as "Confidential," until the producing party delivers production copies, at which time the confidentiality designations marked on the production copies shall control. Any documents that the reviewing party has elected not to have copied shall continue to be treated as "Confidential" information.

D. **Disputes Over Designation**

18. A designation of "Confidential" may be challenged upon motion. The burden of proving the propriety of the confidentiality of designated information remains with the party asserting such confidentiality. The provisions of Fed. R. Civ. P. 37(a)(5) apply to such motions. The information shall be treated as if properly designated while any dispute over the designation is pending.

## IV. RESTRICTIONS ON DISCLOSURE OF CLASSIFIED INFORMATION

19. Information designated as "Confidential", and any words, substances, summaries, abstracts or indices thereof, shall not be disclosed, or made available, by any receiving party to persons other than Qualified Persons within the meaning of subsections (a) through (h) of paragraph 7, unless the designating party agrees otherwise in writing.

20. Before information designated as "Confidential" is disclosed to a Qualified Person under paragraph 7(e) or (h), that Qualified Person must be provided with a copy of this Order and must sign an Affidavit in the form set forth as Exhibit A hereto. The party on whose behalf such an Affidavit is signed shall retain the original Affidavit and shall serve a copy thereof on the other party. The other party shall have ten (10) days from the date of such service to file a motion herein showing good cause why the "Confidential" information or portions thereof should not be disclosed to such Qualified Person. No disclosure of designated "Confidential" information shall be made to any Qualified Person until the period for filing such a motion has passed, or, if such a motion is filed, until it is ruled upon by this Court.

21. In the event that a receiving party is served with a lawful subpoena or other compulsory legal process that would require the party to disclose information that has been designated by an opposing party as "Confidential," the receiving party shall promptly inform the disclosing party of the same and shall take all steps necessary to object to the subpoena or other compulsory legal process purportedly requiring such disclosure.

22. Information designated as "Confidential" shall be disclosed, or made available, by the receiving party to Qualified Persons within the meaning paragraph 7 only as needed in order to conduct this litigation, unless the designating party agrees otherwise in writing.

23. This Protective Order does not restrict disclosure of the following types of information:

(a) information that is lawfully in the public domain at the time of disclosure, as evidenced by a written document;

(b) information that becomes part of the public domain, as evidenced by a written document, except to the extent such information became part of the public domain as a result of the receiving party's actions;

(c) information that was in the receiving party's rightful and lawful possession at the time of disclosure, as evidenced by a written document; and

(d) information that the receiving party lawfully receives from a third party without restriction as to disclosure, provided that the third party had the right to make the disclosure to the receiving party, as evidenced by a written document.

## V. RESTRICTIONS ON USE OF CLASSIFIED AND OTHER INFORMATION

24. All Classified Information received in the course of this litigation shall be used solely for the purpose of this litigation and for no other purpose, and disclosed to no other persons, except as specifically provided in this Protective Order. Information that one party to provides to the other in connection with this litigation that has not been designated as Classified Information shall nevertheless be used by the receiving party for no purpose other than pursuit of its claims or defenses in this litigation.

25. To the extent that any materials subject to this Protective Order (or any pleading, motion, or memorandum disclosing them) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof which discloses Classified Information, shall be

filed under seal (by the filing party) with the Clerk of the Court pursuant to L.R. 5.1(h) with a simultaneous motion in accordance with the current version of the Court's Electronic Filing Requirements and Procedures for Civil Cases. Even if the filing party believes that the materials subject to the Protective Order are not properly classified as "Confidential," the filing party shall file the Interim Sealing Motion; provided, however, that the filing of the Interim Sealing Motion shall be wholly without prejudice to the filing party's rights under paragraph 18 of this Protective Order.

26. The Clerk of this Court shall maintain under seal all documents and tangible things so filed in this litigation and not to disclose documents and tangible things filed under seal to any person other than the Court and counsel for the parties to this action.

27. Nothing in this Protective Order shall prevent a party from using Classified Information when taking the deposition of the author or a recipient of the Classified Information.

28. Nothing in this Protective Order shall prevent a party from disclosing or otherwise making any use of its own Classified Information, nor shall such disclosure or use constitute a waiver by that party of the protections of this Protective Order provided that that party takes all appropriate steps to ensure that the confidentiality of the Classified Information is maintained.

## VI. DUTY TO PROTECT CLASSIFIED INFORMATION

29. Any party receiving Classified Information shall maintain such information in a safe and secure area, and exercise reasonable care in preserving the confidentiality of such information.

30. Any party receiving Classified Information shall, before producing such information to another Qualified Person, take all appropriate steps to ensure that the Qualified Person has been apprised of its responsibilities under the provisions of this Protective Order.

## VII. CONCLUSION OF ACTION

32. At the conclusion of the litigation, all material treated as "Confidential" under this Protective Order and not received in evidence that one party has received from the other party shall be returned to the Producing Party or destroyed. If destruction of any specific electronic information would violate a party's document retention protocol, that party may retain such information in a manner consistent with its document retention protocol, provided that such information shall be deemed to be covered by the provisions of this Order until such time it is destroyed pursuant to the applicable document retention protocol. The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals.

## VIII. DURATION OF PROTECTIVE ORDER

33. To the extent this Protective Order restricts the disclosure and use of Classified Information, this Protective Order shall be binding during this litigation and shall continue to be binding after the conclusion of this litigation. The Court's jurisdiction over disputes arising from this Protective Order shall expire three years after the entry of this Order.

## IX. MISCELLANEOUS PROVISIONS

### A. Oral Disclosure Of Confidential Information

34. If counsel for any party believes that the answers to questions put to a witness being examined orally (e.g., at a deposition, trial or otherwise) will disclose "Confidential" information, or if documents to be used as exhibits during the examination contain such information, such counsel shall so notify opposing counsel, and, except in the case of a trial or other courtroom proceeding, the examination, or the confidential portions thereof, shall be taken in the presence of only Qualified Persons to receive such information.

**B. Protection Of Nonparty Confidential Information**

35. Any nonparty from whom a party to this litigation seeks discovery under Rule 45 of the Federal Rules of Civil Procedure or otherwise, has standing to invoke the protections of this Protective Order. The parties shall treat any information produced by a nonparty that has been designated as "Confidential" in accordance with the provisions of this Protective Order.

**C. Inadvertent or Unintentional Disclosure**

36. The inadvertent or unintentional disclosure to an opposing party of Classified Information or any other privileged information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality or privilege either as to the specific information disclosed therein or on the same or related subject matter, provided that the party asserting the claim of confidentiality or privilege informs the opposing party of its claim within a reasonable time after such disclosure occurs.

37. The failure to object to a designation of information as "Confidential" at or within a reasonable time shall not preclude the filing of a motion at a later date seeking to challenge the propriety thereof. This Protective Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery.

**D. Document Production Numbers**

38. To the extent that documents and things are produced and copied for delivery to a party pursuant to a document production, each page of all such produced documents and each such produced thing shall bear a unique identifying number.

**E. PCAOB's Use of Information**

39. Nothing in in this Protective Order shall prevent the PCAOB from using Classified Information, or any other information or documents received prior to or during this litigation, in a manner consistent with its responsibilities concerning the sharing of documents or information with governmental bodies, agencies, authorities or regulatory entities, including but not limited to the U.S. Securities and Exchange Commission; nor shall anything in this Protective Order interfere with the PCAOB's use of information or documents to regulate, administer, and/or enforce applicable laws and rules.

**F. Modification Of This Protective Order**

40. Notwithstanding the foregoing, nothing in this Protective Order shall restrict or prevent the parties from agreeing to the dissolution or modification of this Protective Order. Additionally, nothing in this Protective Order shall prevent either party from seeking an order of the Court dissolving or modifying this Protective Order.

**G. This Court's Jurisdiction Over Receiving Parties**

41. Any person or entity, whether or not a party to this litigation, receiving Classified Information under this Protective Order agrees to subject itself to the jurisdiction of this Court for the purpose of proceedings related to the compliance with, performance under, or violation of this Protective Order.

ENTERED this 21st day of June 2022.

Colleen Kollar-Kotelly

**COLLEEN KOLLAR-KOTELLY**
United States District Judge